IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DORSETT BROTHERS CONCRETE SUPPLY, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION H-10-5098 |
| TRAVELERS INDEMNITY CO., | § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging that Defendant Travelers Indemnity Co. ("Travelers") breached a contract between itself and Plaintiff Dorsett Brothers Concrete Supply, Inc. ("Dorsett") by failing to timely contest the compensability of a claim filed by Dorsett employee Jose Jimenez ("Jimenez")under a workers compensation insurance policy issued by Travelers, is Travelers' motion for summary judgment (instrument #8) on the grounds that any act or omission by Travelers was not the cause of damages to Dorsett. Dorsett has failed to file a response.

**Standard of Review**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

-1-

P. 56(c). The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 317, 323 (1986). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant succeeds, the non-movant must come forward with evidence such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993). Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of

an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Nor are pleadings competent summary judgment evidence. *Little,* 37 F.3d at 1075; *Wallace v. Texas Tech. U.*, 80 F.3d 1042, 1045 (5th Cir. 1996); *Adams Family Trust v. John Hancock Life Ins. Co.*, 424 Fed. App'x 377, 81 & n.11 (5th Cir. May 11, 2011). A district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion. *Chevron Phillips*, 570 F.3d 606, 612 n.3 (5th Cir. 2009), *citing EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999). Nor does the court have to sift through the record in search of evidence to support opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

A motion for summary judgment cannot be granted merely because no opposition has been filed, even though a failure to respond

violates a local rule.  *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), citing *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).  "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion regardless of whether any response was filed.  *Id.*, citing *id.* at 708.  A decision to grant summary judgment based only on default is reversible error.  *Id.*

## Background

Travelers issued an insurance program to Dorsett for the period from August 1, 2007 to August 1, 2008.  The program included a Workers Compensation Policy (No. TC2KUB-750G8713-07) that covered claims for employee injury arising out of work-related events.  Relating to the insurance program, Travelers and Dorsett entered into an agreement, according to which Travelers would provide certain insurance coverage and services for the policies issued in exchange for Dorsett's payment of premiums and reimbursement of charges incurred and payments made on its behalf.  #8, Ex. A-1.  Under the agreement, workers compensation losses were subject to a deductible of $250,000 per claim and Dorsett was required to reimburse Travelers for expenses and loss payment up to that amount for each claim.

Dorsett's First Amended Petition (#1-4) asserts that on August

24, 2007 Jimenez allegedly injured his back while on the job. Dorsett claims there was no contemporaneous report of a work-related injury and that Jimenez had had a pre-existing, non-work-related injury at the time.  Jimenez made a claim under the policy, and served Travelers with a copy of the demand and claim, but Dorsett contended that the injury was not work-related and challenged the amount of damages claimed.  Dorsett informed Travelers of its objections to Jimenez's claim.  Travelers took no action on the demand and claim for more than sixty days.

A Hearing Officer for the Texas Department of Insurance, Division of Workers Compensation, and the appeals panel reviewed the matter and concluded that Travelers had waived its right to dispute the injury and the claim of injury by failing to act within sixty days of receiving notice of the demand and claim, and they awarded Jimenez compensation and payment on his claim, which would continue as long as Jimenez has health care expenses related to the injury that was the basis for the award.

Dorsett sued Travelers for breach of contract for its failure to timely dispute Jimenez's injury and claim of injury, which purportedly caused actual damages to Dorsett.

### Traveler's Motion for Summary Judgment (#8)

Although Dorsett insists there was no obligation under the agreement to object to the workers compensations claim filed by Jimenez, it maintains that the Court need not reach this issue

because the evidence establishes as a matter of law that any act or omission by Travelers was not the cause of damages to Dorsett.

To prevail on a breach of contract claim a plaintiff must show (1) a valid, enforceable contract, (2) privity of contract with the defendant, (3) performance, tendered performance or valid excuse from performance of plaintiff's contractual obligations, (4) breach, and (5) resulting injury. *Tejas Casing Ltd. v. IPSCO Tubulars Inc.*, Civ. A. No. H-08-527, 2011 WL 832481, *3 (S.D. Tex. Mar. 2, 2011), *citing Wincheck v. American Express Travel Related Services*, 232 S.W. 3d 197, 202 (Tex. App.--Houston [1st Dist.] 2007, no pet.). Travelers insists that Dorsett cannot satisfy the last element. Dorsett seeks to recover as its total damages the amount that it has reimbursed Travelers for indemnity, medical and expense payments for Jimenez's injury of August 23, 2007.

Travelers argues that these damages did not result from the manner in which the claim was untimely handled by Travelers. Rather the Decision and Order issued on June 3, 2008 (#8-5) determined the result of this dispute after a hearing on the merits of the dispute. Claimant Jimenez and Supervisor Omar Garza testified on the record before the Hearing Officer at the Contested Case Hearing, and the Hearing Officer found their testimony was credible. *Id.* at p. 2, ¶ 2; Transcript of Hearing, Ex. #8-3. That testimony, not the date on which Travelers filed a contest, was the reason that Jimenez was awarded workers compensation

benefits.  Benefits were awarded because the administrative body charged with determining compensability found that Jimenez suffered a compensable injury and therefore the indemnification which Dorsett had paid to Travelers was not caused partly or entirely by Travelers' conduct.  Dorsett cannot prove causation.

A review of the record shows that even if Travelers had timely filed its contest of compensability, the Hearing Officer would not have determined that the injury was not compensable.  Claimant and Travelers were both represented by able and experienced counsel, all material witnesses[1] to the compensability and thirty-day notice defenses testified live at the hearing and were fully examined and cross-examined subject to penalties of perjury, the Hearing Officer questioned the witnesses repeatedly and evaluated their demeanor and credibility.  The Hearing Officer's Decision and Order disposed entirely of Dorsett's argument here.  Despite the fact that she found that Travelers waived the right to contest compensability under Texas Labor Code § 409.021 and waived the 30-day notice defense under Texas Labor Code § 409.022, her Decision and Order clearly states in relevant part,

> Even if the carrier had not waived the defense, the claimant's testimony, along with that of the plant supervisor, Omar Garza, was sufficient to establish that the claimant notified someone in a supervisory capacity within thirty days of the date of injury.  The claimant

---

[1] Claimant Jimenez, Dorsett Supervisor Omar Garza, Dorsett Assistant Safety Director Robert Blanco, and Dorsett Safety Director Mike Nail.

    testified that he reported the injury to Mr. Garza the
    day it happened.  Mr. Garza indicated that it may have
    been a day or two later, he wasn't sure.  However, he was
    positive that the claimant did report it to him shortly
    after it happened.

Moreover *res judicata* bars re-litigation of any claim that has already been adjudicated or that arises out of the same subject matter that could have been litigated in a prior action.  To invoke *res judicata* a party must demonstrate (1) a valid, prior final judgment on the merits by a court of competent jurisdiction, (2) the claim involves the same parties or those in privity with them, and (3) the second claim is based on the same claims or causes of action as the first, including claims that could have and should have been raised in the first proceeding.  *Igal v. Brightstar Inf. Tech. Grp.*, 250 S.W. 3d 78, 86 (Tex. 2008)(applying *res judicata* to a Texas Workforce Commission ruling).  *Igal* adopted the test of *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966), to determine when *res judicata* bars relitigation of a determination by an administrative agency.  *Id.*  A valid prior final judgment exists when (1) an administrative agency is acting in judicial capacity, (2) the agency resolves disputed issues of fact properly before it, and (3) the parties have an adequate opportunity to litigate the matter.  *Id.* at 86-87.  Here the Hearing Officer was acting in her judicial capacity, she heard and resolved disputed issues including injury, course and scope, and compensability, and each party had a full and fair opportunity to

litigate its claims through an adversarial process over which the Hearing Officer fairly presided, so *res judicata* should apply to her decision and bar Dorsett from relitigating the matter.

## Court's Decision

After carefully reviewing the record and the applicable law, the Court concludes that Travelers has shown as a matter of law that it is entitled to summary judgment.  Accordingly the Court

ORDERS that Travelers' motion for summary judgment is GRANTED.

**SIGNED** at Houston, Texas, this  5th  day of  September , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE